51 F.3d 266
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Yohannes KEBEDE, Plaintiff-Appellant,
and
Jamal HADIEH; Elizabeth Nguyen; Maaza Gebreamlak, Plaintiffs,
v.
RADISSON MARK PLAZA HOTEL AT MARK CENTER, INCORPORATED,
Defendant-Appellee.
 No. 94-1348.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 15, 1995.
Decided: March 29, 1995.
 
 Yohannes Kebede, Appellant Pro Se. John Robert Hunt, Stokes & Murphy, Atlanta, GA, for Appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Yohannes Kebede appeals from the district court's order granting judgment as a matter of law to Radisson Mark Plaza Hotel ("Radisson") in this action alleging employment discrimination. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm.
 
 
 2
 Kebede, an Ethiopian citizen and former Radisson employee, filed this Title VII action alleging that the Radisson discriminated against him on the basis of his race and national origin. Specifically, Appellant alleged that the Radisson eliminated his position of night manager, but then hired a white person to replace him. At the conclusion of a one-day trial, the district court entered judgment for the Radisson pursuant to Fed.R.Civ.P. 50(a).
 
 
 3
 The district court properly entered judgment for the Radisson. At trial, Kebede presented no evidence that the Radisson retained persons outside the protected class in the night manager position, or that the position even existed after his termination. The Radisson offered evidence that the position was eliminated for financial reasons. And Kebede introduced no probative evidence of discriminatory conduct or comments. Thus, he failed to establish a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Moreover, Kebede's claim that the Radisson discriminated against him by failing to promote him to another position is also without merit because Kebede admitted that the man who received the promotion was also a member of a protected class.
 
 
 4
 Accordingly, because there was only one verdict that reasonable jurors could have reached, the district court properly entered judgment as a matter of law in favor of the Radisson. Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir.1981). We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.